UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
STEVEN MARSHALL,

                         Plaintiff,

v.                                                            ORDER

ANTHONY J. ANNUCCI, et al.,                    18-CV-06673 (PMH)

                         Defendants.
----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

        By Opinion and Order dated March 12, 2020 (Doc. 58, the "March Order"), Judge Kenneth M. Karas, to whom this pro se prisoner civil rights case was previously assigned, dismissed Plaintiff's claims against defendants Thomas Griffin, Thomas Wilkins, Thomas Melville, and William J. Primley (the "Supervisory Defendants") because the amended complaint failed to state a claim upon which relief could be granted as to the Supervisory Defendants. Judge Karas wrote that such dismissal was:

> without prejudice. If Plaintiff wishes to file a second amended complaint, Plaintiff must do so within 30 days of the date of this Opinion & Order. . . . If Plaintiff fails to abide by the 30-day deadline, his dismissed claims may be dismissed with prejudice.

Order at 25.

        Pursuant to the March Order, Plaintiff's second amended complaint was due to be filed on or before April 13, 2020. On April 15, 2020, Defendants filed a letter-motion seeking, *inter alia*, the dismissal of the Supervisory Defendants with prejudice predicated upon Plaintiff's apparent failure to file a second amended complaint. (Doc. 59). The same day, Judge Karas memo endorsed Defendants' letter-motion, dismissing the Supervisory Defendants with prejudice from this case. (Doc. 60, the "April Order"). On April 16, 2020, this case was reassigned to me.

On April 20, 2020, Plaintiff's second amended complaint was docketed by the Clerk of Court. (Doc. 61). The second amended complaint is dated April 10, 2020. *Id.* The last page of the filing is a copy of the envelope addressed to the Pro Se Unit, dated April 15, 2020. *Id.*

On April 22, 2020, a letter from Plaintiff dated April 20, 2020 responding to Defendants' April 15, 2020 letter-motion and requesting that the Court refrain from dismissing the Supervisory Defendants with prejudice in light of the filing of the second amended complaint, was docketed by the Clerk of Court. (Doc. 62). On May 1, 2020, a letter from Plaintiff dated April 27, 2020 seeking reconsideration of the April Order was docketed by the Clerk of Court. (Doc. 63). On May 27, 2020, by memo endorsement, I advised the parties that the Court considered Plaintiff's submissions (Docs. 62, 63) as a motion for reconsideration of the April Order and directed Defendants to file any opposition thereto by June 4, 2020. (Doc. 65). On June 2, 2020, Defendants filed a letter response in opposition to Plaintiff's motion for reconsideration. (Doc. 66).

The Court construes Plaintiff's request as a motion under Fed. R. Civ. P. 54(b), seeking revision of the dismissal with prejudice prior to final judgment being entered. "While Rule 54(b) allows parties to request district courts to revisit earlier rulings, the moving party must do so within the strictures of the law of the case doctrine, and thus subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *In re Bisys Sec. Litig.*, 496 F. Supp. 2d 384, 386 (S.D.N.Y. 2007), *aff'd sub nom. Pub. Employees Ret. Ass'n of New Mexico v. PricewaterhouseCoopers LLP*, 305 F. App'x 742 (2d Cir. 2009) (internal citations and quotation marks omitted).

Where, as here, the claims against the Supervisory Defendants were dismissed with prejudice, such decision "may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a

manifest injustice.'" *Beck Chevrolet Co. v. Gen. Motors LLC*, No. 11 CIV. 2856 (AKH), 2012 WL 12925023, at *3 (S.D.N.Y. Aug. 23, 2012) (citing *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)).

Known as the "prison mailbox rule," an inmate's pro se complaint is effectively "filed" when delivered to prison officials, in light of the inherent disadvantage suffered by incarcerated pro se litigants in their inability to monitor the course of litigation. *See Dory v. Ryan*, 999 F.2d 679 (2d Cir. 1993). Plaintiff alleges that he delivered the second amended complaint to prison officials for mailing on April 10, 2020. (Doc. 63 at 2). At the time of the issuance of the April Order, Judge Karas simply could not have known whether Plaintiff prepared and delivered the second amended complaint to prison officials prior the docketing of the pleading. Given the current state of affairs caused by the pandemic, resulting in delays both for mail services and docketing, it is entirely plausible that Plaintiff timely complied with the March Order.

Under these circumstances, and the probability that Plaintiff did, in fact, comply with the March Order, the Court grants Plaintiff's motion for reconsideration and sets aside the April Order dismissing the Supervisory Defendants with prejudice, reinstating the Supervisory Defendants as defendants in this action.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration (Docs. 62, 63) is GRANTED and upon reconsideration, the April Order (Doc. 60) is set aside. The Clerk of the Court is respectfully directed to reinstate Thomas Griffin, Thomas Wilkins, Thomas Melville, and William J. Primley as defendants. Defendants are directed to answer or otherwise move with respect to the second amended complaint within 30 days of the date of this Order. The parties are reminded to review and comply with my Individual Practices, and in particular, Rule 4(c) with

respect to motions to dismiss. Defendants are directed to deliver a copy of this Order to Plaintiff and file proof of service thereof.

SO ORDERED:

Dated: New York, New York
       June 3, 2020

_____
Philip M. Halpern
United States District Judge

4